No. 85-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

RICHARD WALCH,

        Petitioner and Appellant,

   -vs-

UNIVERSITY OF MONTANA,

        Respondent and Respondent.


APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Datsopoulos, MacDonald & Lind; Edward A. Murphy,
        Missoula, Montana


    For Respondent:

        Mary Elizabeth Kurz, U of M Legal Counsel, Missoula,
        Montana
        Jayne Mitchell, Personnel Division-Dept. of Admin.,
        Helena, Montana


Submitted on Briefs: Jan. 30, 1986

Decided: April 17, 1986


Filed: APR 17 1986

_Ethel M. Harrison_
—————————————————
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Richard Walch petitioned the District Court for the enforcement of an order of the Board of Personnel Appeals. The District Court dismissed his petition with prejudice for failure to state a claim for which relief can be granted. Walch appeals this dismissal.

The University of Montana (University) hired Walch in May, 1978, as a Maintenance Superintendent V, Grade 16. The University's Physical Plant was reorganized on January 19, 1982, and Walch's position was split into two separate positions. As a result, Walch's classification was changed to Maintenance Superintendent IV, Grade 15. However, his salary remained exactly the same as it had been under the Grade 16 classification. The reason for this was because the University had been granted a pay plan exception which allows it to use a formula to maintain a differential between the craft salaries and the salaries of the management staff in the Physical Plant. Walch appealed the reclassification to the Board of Personnel Appeals (Board).

The Hearing Examiner for the Board conducted a hearing on November 8, 1982, pursuant to § 2-18-1011, MCA and in accordance with the Administrative Procedure Act, Title 2, Chapter 4, MCA, to determine whether Walch had been aggrieved by the reclassification of his position. The examiner issued a Recommended Order on April 18, 1983, which stated that Walch's responsibilities and position fell within the Grade 16 range rather than Grade 15. Thus, he had been aggrieved by the reclassification and was entitled to relief under § 2-18-1012, MCA. The Board then ordered:

2

### Recommended Order

Commencing with the receipt of this Order, the Personnel Division, Department of Administration, its officers, agents, and representatives shall change Richard A. Walch's classification from Maintenance Superintendent IV, class code 189006, grade 15, to Maintenance Services Manager I, class code 899022, grade 16. They will continue to pay Mr. Walch in accordance with the formula designed for the management staff in the University of Montana's Physical Plant, making whatever adjustments are required by this change in his classification title and pay grade level.

### Notice

Exceptions to these Findings of Fact, Conclusions of Law, and Recommended Order may be filed within twenty days service thereof. If no exceptions are filed within such time, this Recommended Order shall become the Final Order of the Board . . .

Neither Walch nor the University filed any exceptions to the Recommended Order which resulted in that order becoming the Final Order of the Board.

The University continued to pay Walch under the formula established for the management staff which was the same amount it had been paying him before the Final Order. In March, 1984, Walch requested an interpretation of the Recommended Order from the Board. He contended that the Order required the University to pay him in accordance with the pay matrix for state employees under the Grade 16 level, rather than the formula set up for the management staff at the University.

The original hearing examiner conducted an investigation and issued an interpretation of the Recommended Order. In the report, she asserted that the intent of the order was that the University pay Walch in accordance with the pay plan exception formula, not in accordance with the

3

pay matrix for state employees. Walch then filed exceptions to the Investigative Report.

The Board held a hearing on the matter and issued a Final Order on January 8, 1985. The Order stated that if Walch's request for interpretation is deemed to be an exception to the Recommended Order, such exception was filed too late. But, if the request for interpretation is deemed to be a request to enforce the Recommended Order, then the District Court is the proper forum for such action, not the Board.

Walch then filed a petition to enforce in the District Court. The court found that the Recommended Order clearly required the University to pay Walch in accordance with the pay plan exception formula. Since Walch did not allege that the University was not paying him in accordance with this formula, the court dismissed the petition with prejudice for failure to state a claim for which relief can be granted.

The sole issue raised by appellant is whether the District Court erred in interpreting the Recommended Order as requiring the University to pay appellant according to the pay plan exception formula. However, in order to reach this issue, we must first determine whether the District Court had jurisdiction over the case since no timely exceptions to the Recommended Order were filed, nor did appellant file a timely appeal from the Final Order.

Appellant brought an action in the District Court to enforce the original order of the Board. This action is allowed by § 2-18-1013, MCA, which provides:

> The board or the employee may petition for the enforcement of the board's order and for appropriate temporary relief and shall file in the district court the record of the proceedings. Upon the

4

> filing of the petition, the district
> court shall have jurisdiction of the
> proceeding. Thereafter, the district
> court shall set the matter for hearing.
> After the hearing, the district court
> shall issue its order granting such
> temporary or permanent relief as it
> considers just and proper. No objection
> that has not been raised before the
> board shall be considered by the court
> unless the failure or neglect to raise
> the objection is excused because of
> extraordinary circumstances. The
> findings of the board with respect to
> questions of fact, if supported by
> substantial evidence on the record
> considered as a whole, shall be
> conclusive.

It is apparent that this statute places no time restraints upon the filing of an action to enforce. The action may be brought anytime after the Board's order has been issued, provided it is brought within the statute of limitations period which is generally applicable to the filing of civil actions. Section 27-2-215, MCA. Thus, the District Court did have jurisdiction to hear the petition.

However, an action to enforce under § 2-18-1013 is to be distinguished from an action for judicial review of a contested case under § 2-4-702, MCA. The latter action must be brought within thirty days after service of a final agency decision, and the petitioner may contest the final decision of the agency. In an action to enforce, the petitioner cannot contest the agency decision. Therefore, appellant can prevail only if the University is not paying him according to the order as it was written.

Respondent contends that this action is being used as a means of circumventing the time requirements imposed by the Recommended Order and should not be allowed. Although that may have been appellant's intention, circumvention of the time requirements is impossible in this case since no

5

objection to the order can be raised. The inquiry is limited solely to the question of what the Recommended Order required the University to do--either to pay according to the formula or to pay according to the state pay matrix. The action is one to enforce the order as it is written; appellant cannot question the correctness of the order in this action. Therefore, there is no circumvention of any time requirements, statutory or administrative.

Having found that this action is proper, we now determine what the Recommended Order required. Although the language of the order is somewhat ambiguous, a close reading of the words used and the reasoning supplied in the order indicates that the University should pay appellant in accordance with the pay plan exception formula. The last sentence of the Recommended Order required the University to "continue" to pay appellant in accordance with the formula designed for the management staff. Had the Hearing Examiner meant for the University to pay appellant under the state pay matrix, she certainly would not have used the word "continue," since appellant was already being paid under the formula set up for the management staff prior to the Order.

Appellant contends that the Order required "adjustments" in his pay. However, what the Order required was adjustments in his "classification title" and "pay grade level." The fact that these adjustments were not meant to be an adjustment in pay is made clear in the paragraph preceding the Recommended Order. The examiner recognized that appellant could be aggrieved by a reclassification of his position even though his pay was not decreased. She stated:

> First of all, classification and grade
> level assignment are major components of
> the classification system. Changes in

> these components, even if they do not
> result in a change in salary, constitute
> potential bases for appeal. Secondly,
> there are no guarantees of permanence
> for either the <u>pay plan exception</u> or the
> <u>formula</u> by which Mr. Walch's pay is
> calculated. Should either of these
> variables <u>change</u>, Mr. Walch's
> <u>classification title</u> and <u>grade level</u>
> would <u>resume</u> being of primary importance
> in the <u>determination of his salary</u>.
> (Emphasis added.)

This indicates that appellant's classification title and grade level are not of primary importance in the determination of his salary now. Instead, the formula designed for the management staff was contemplated as being of primary importance in this determination. Moreover, the interpretation given by the original hearing examiner in the investigative report also makes clear that she intended for appellant to be paid according to the pay plan exception formula.

Therefore, since appellant is being paid in accordance with the Order of the Board, and since he has not alleged that the University is not paying him according to the formula, we affirm the District Court's dismissal of the petition for failure to state a claim for which relief can be granted. Any objection to the Board's Final Order or to being paid under the formula comes too late to be noticed on appeal.

Affirmed.

_J. A. Turnage_
Chief Justice

We concur:

7

_____

_____
John C. Sheehy

_____
William E. Hunt Sr.
Justices

8